Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ELVIN ANTONIO MARCO MARTINÓ<br><br>Peticionario<br><br><br><br>EX PARTE | TA2026CE00318 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de CIALES<br><br>Caso Núm.:<br>CI2025CV00366<br><br>Sobre:<br>Petición de Orden: Eliminación de Antecedentes Penales |
|---|---|---|

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de abril de 2026.

Comparece el señor Elvin Antonio Marco Martinó (señor Marco Martinó o peticionario) ante esta instancia judicial mediante el presente recurso de *Certiorari*, y solicita la revisión de la *Resolución*, emitida y notificada el 30 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Ciales (TPI).[1] Mediante el aludido dictamen, el TPI declaró *Ha Lugar* la petición del señor Marco Martinó de eliminar de su récord penal cierta convicción, por haber sido extinguida la sentencia y transcurrido el término dispuesto por ley para su eliminación. No obstante, el TPI negó la eliminación de sus huellas dactilares y fotografías de fichaje de los récords del Estado, conforme a lo resuelto por el Tribunal Supremo en *Santiago Cora v. ELA*, 2025 TSPR 44, 215 DPR __ (2025).

Evaluado el legajo apelativo y los argumentos presentados, resolvemos expedir el auto el auto de *certiorari* y **confirmar** la determinación recurrida.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 8.

## I.

El 27 de octubre de 2025, el señor Marco Martinó presentó una *Petición ex parte* al amparo de la Ley Núm. 314-2004,[2] y la Ley 143-2014,[3] ante el Tribunal de Primera Instancia para eliminar de su récord penal cierta convicción por delito grave.[4] En esencia, arguyó, habían pasado más de cinco (5) años desde que cumplió la sentencia impuesta. A su vez, sostuvo que, desde entonces, no había cometido delito alguno y gozaba de buena reputación en su comunidad. Por lo cual, solicitó se eliminase de los antecedentes penales la convicción antes mencionada. Además, eliminar de los registros del Negociado de la Policía y del Departamento de Justicia, cualquier fotografía, huellas dactilares y fichaje relacionado a dicho caso, así como las memorias utilizadas en los Sistemas SIJC, NCIC, NICS y RCI.

El 5 de noviembre de 2025 el Ministerio Público presentó *Oposición a Petición*.[5] Con relación a la solicitud de eliminación de antecedentes penales, el Ministerio Público no tuvo objeción. No obstante, se presentó oposición con relación a la solicitud de entrega y eliminación de los registros las fotos, huellas y fichaje del señor Marco Martinó, a tenor con lo resuelto por el Tribunal Supremo en *Santiago Cora v. ELA*, *supra*. En esencia, se argumentó, no procede la eliminación de las huellas dactilares y la fotografía tomada como parte del fichaje en un caso de convicción por delito grave. El Ministerio Público añadió, la única forma es: la celebración de un juicio plenario donde la persona resultara absuelta, o algún indulto del ejecutivo. Además, la jurisprudencia establece que la expectativa de intimidad cede

---

[2] Enmendó la Ley Núm. 254 de 27 de julio de 1974, conocida como Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales, 34 LPRA Sec. 1725 *et seq.*

[3] Ley del Protocolo para Garantizar la Comunicación Efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal, según enmendada, Ley 143- 2014, 4 LPRA sec. 533 *et seq.*

[4] SUMAC TPI, Entrada Núm. 1. Con relación a la solicitud de eliminación de antecedentes penales, se presentaron como *Anejos* los siguientes documentos: copia de la Sentencia KPD1991G2280 del 19 de febrero de 1993, Certificación de Antecedentes Penales, Certificación de Corrección y tres (3) declaraciones juradas de testigos.

[5] *Íd.*, Entrada Núm. 3.

ante el interés de conservar de forma confidencial las fotos y huellas, que es parte de los mecanismos futuros de investigación y la protección de la seguridad pública.

Así las cosas, el señor Marco Martinó presentó su réplica a oposición.[6] Arguyó que, a pesar de reconocer lo que se dispone en *Santiago Cora v. ELA*, *supra*, en cuanto a la improcedencia de la devolución de fotos y huellas del fichaje, el Tribunal Supremo emitió esa opinión sin considerar la disposición estatutaria de que toda información relacionada a una convicción eliminada tiene que, a su vez, ser eliminada de todo registro o sistema, acorde a la Ley 143-2014, *supra*.[7] El peticionario enfatizó, el Artículo 8 de la referida ley dispone: todo dato relativo a convicciones cuya eliminación del récord penal haya sido ordenado por el Tribunal, tiene que ser totalmente eliminado del Sistema de Información de Justicia Criminal (SIJC-PR), incluyendo pero sin limitarse, las memorias de cualesquiera computadoras utilizadas por el sistema.[8] Por otro lado, señaló que la referida disposición legal dispone que la información que contiene el sistema de justicia criminal incluye información de arresto, determinaciones en etapas preliminares, convicciones y <u>datos o características de identificación física</u>. Por tanto, sostuvo que la retención de fotos y huellas de una convicción eliminada del récord penal contraviene el texto y mandato claro de la Ley 143-2014, *supra*.

Así las cosas, el Tribunal celebró Juicio en su Fondo el 13 de enero de 2026, donde consignó por medio de la *Minuta* los argumentos de las partes.[9] El 30 de enero de 2026, el TPI emitió *Resolución* en la que declaró *Ha Lugar* la petición de eliminar la convicción por el delito grave y ordenó al Comisionado del Negociado de la Policía a expedir el Certificado Negativo

---

[6] *Íd.*, Entrada Núm. 5.
[7] 4 LPRA sec. 533 *et seq.*
[8] 4 LPRA sec. 533e.
[9] SUMAC TPI, Entrada Núm. 7.

de Antecedentes Penales al señor Marco Martinó.[10] Ahora bien, el Tribunal dispuso que, "[e]stá obligado por el precedente establecido por la clara decisión del Tribunal Supremo de Puerto Rico en el caso de *Santiago Cora v. ELA*, *supra*, y no puede ordenar la eliminación de sus huellas dactilares ni fotografías de fichaje de los récords del Estado".[11]

Inconforme, el peticionario presentó *Moción de Reconsideración*.[12] Indicó, que la denegatoria del TPI a la devolución de fotos y huellas estaba fundamentada en *Santiago Cora v. ELA*, *supra*, más su solicitud está apoyada en el mandato establecido en la Ley 143-2014, *supra*. Sostuvo, que el Tribunal Supremo no tomó en consideración tal legislación al resolver *Santiago Cora v. ELA*, *supra*, porque de hacerlo, el resultado hubiera sido distinto. Señaló, en *JHV v. Policía de Puerto Rico*, 2025 TSPR 139, 217 DPR __ (2025), el cual fue resuelto con posterioridad, se reconocen las disposiciones y el alcance de la Ley 143-2014, *supra*, así como el proceso que existe para corregir cualquier información que no deba estar en los sistemas de información.

Ulteriormente, el TPI emitió *Resolución Interlocutoria* en la que declaró *No Ha Lugar* la moción de reconsideración por no haber quedado persuadido de cambiar su determinación.[13]

Inconforme aun, el 15 de marzo de 2026, acude ante nos mediante el recurso de epígrafe y señala la comisión del siguiente error:

> Erró el TPI al declarar No Ha Lugar la devolución de fotos y huellas amparándose en lo resuelto en Santiago Cora v. ELA, 2025 TSPR 44, cuando existe un mandato expreso en ley de eliminar todo dato de identificación que esté relacionado con la convicción eliminada.
>
> Erró el TPI al declarar No Ha Lugar la devolución de fotos y huellas amparándose en lo resuelto en Santiago Cora v. ELA, 2025 TSPR 44, cuando en dicha jurisprudencia no se aplicó ni consideró las disposiciones de la Ley 143 de 26 de agosto de 2014.[14]

---

[10] *Íd.*, Entrada Núm. 8.
[11] *Íd.*, pág. 4.
[12] *Íd.*, Entrada Núm. 9.
[13] *Íd.*, Entrada Núm. 10.
[14] SUMAC TA, Entrada Núm. 1.

Por su parte, luego de haberle concedido término a la Oficina del Procurador General para comparecer, el Pueblo de Puerto Rico presentó *Escrito en Cumplimiento de Orden*.[15] En esencia, argumentó que la Ley Núm. 143-2014, *supra*, contiene un mandato para asegurarse de que, cuando proceda y se ordene la eliminación de determinada información del SIJC-PR, tal eliminación se ejecute de manera completa y efectiva dentro de ese sistema. Así pues, la Ley Núm. 143-2014, *supra*, regula la depuración y eliminación efectiva de información dentro del sistema, mientras que la Ley Núm. 45-1983,[16] regula específicamente cuándo una persona tiene derecho a reclamar la devolución de sus huellas digitales y fotografías, esto es, haber sido absuelta o indultada.

Estudiado el expediente ante nos, y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314, 335 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no

---

[15] *Íd.*, Entrada Núm. 4.

[16] Ley de Huellas Digitales y Fotografías por Delito Grave, Ley Núm. 45 de 1 de junio de 1983, según enmendada, 25 LPRA sec. 1151 *et seq.*

implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163, 176 (2020). Para ello, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.

Bajo esa discrecionalidad, la Regla 40 de nuestro Reglamento, *supra*, establece los siguientes criterios:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

*B.*

La Ley Núm. 254 de 27 de julio de 1974, según enmendada, conocida como Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales, 34 LPRA sec. 1725 *et seq.*, fue aprobada con el propósito de conferirle al Negociado de la Policía el poder expreso de expedición de Certificaciones de Antecedentes Penales. A su vez, la referida disposición viabiliza la eliminación de una convicción por delito grave, en los siguientes términos:

Toda persona que haya sido convicta de un delito grave que no esté sujeta al Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso Contra Menores ni al Registro de Personas Convictas por Corrupción, podrá solicitar del Tribunal de Primera Instancia una orden para la eliminación de la convicción del Certificado de Antecedentes Penales, siempre que concurran las siguientes circunstancias:

(a) que hayan transcurrido cinco (5) años desde que cumplió la sentencia y durante ese tiempo no haya cometido delito alguno;
(b) que tenga buena reputación en la comunidad; y
(c) que se haya sometido a la muestra requerida por la Ley del Banco de Datos de ADN, de estar sujeta a ello.

El peticionario acompañará los documentos necesarios para probar las alegaciones de su petición. El Ministerio Público podrá oponerse o allanarse a la petición, en cuyo caso no será necesario celebrar vista. 34 LPRA sec. 1725 a-2.

*C.*

Con relación al uso de las huellas digitales como forma de identificar a las personas, "[s]e ha sostenido que la toma de huellas digitales y

fotografías son procedimientos usuales y necesarios para la labor de la policía en protección de la seguridad pública y en la persecución del crimen". Exposición de Motivos, Ley de Huellas Digitales y Fotografías por Delito Grave, Ley Núm. 45 de 1 de junio de 1983, según enmendada, 25 LPRA sec. 1151 *et seq.* Al amparo de tal disposición, nuestro ordenamiento jurídico reconoce que dicha práctica es aceptable como parte de la gestión investigativa de la Policía. *Pueblo v. Torres Albertorio*, 115 DPR 128, 130 (1984). Además, cumple un propósito dual: identificar al imputado como la persona que incurrió en el acto delictivo y ayudar a su procesamiento de reincidir en conducta criminal. *Íd.*

En todo caso, se autoriza a la Policía de Puerto Rico a tomar huellas digitales y fotografiar a cualquier persona que, previa determinación de causa probable para arresto, se le impute la comisión de un delito grave. 25 LPRA. sec. 1151. Ahora bien, el Artículo 4 de la Ley Núm. 45, *supra*, establece las instancias exclusivas en las que procede la devolución de las huellas digitales y fotografías. Sobre ello, se dispone como sigue:

> Cualquier persona a la que se le impute la comisión de [un] delito grave o menos grave producto de una misma transacción o evento **que resulte absuelta luego del juicio correspondiente, o por orden o resolución del Tribunal o toda persona que reciba un indulto total y absoluto del Gobernador**, podrá solicitar al Tribunal, la devolución de las huellas digitales y fotografías. El peticionario notificará al Ministerio Publico y de éste no presentar objeción dentro del término de diez días, el Tribunal podrá ordenar, sin vista, la devolución solicitada. De haber objeción del Ministerio Público, el Tribunal señalará vista pública a esos efectos. 25 LPRA sec. 1115. (Énfasis nuestro).

De una lectura del Art. 4 de la Ley Núm. 45, *supra*, se desprende que el legislador autorizó el mecanismo de devolución de fotos y huellas dactilares únicamente para las personas que fueran absueltas o indultadas de forma total y absoluta por el Gobernador. No obstante, aunque la persona cumpla con todos los criterios de ley, la doctrina reconoce que el tribunal tiene discreción para conceder o denegar la devolución del material en cuestión. *Santiago Cora v. ELA*, *supra*; *Pueblo v. Torres Albertorio*, *supra*.

Ahora, podrá denegarse la solicitud únicamente cuando se justifique ante el tribunal, mediante prueba convincente, "que existen circunstancias especiales que ameriten que la Policía conserve en cuanto a la persona afectada, las huellas digitales y fotografías que le hubieren sido tomadas". *Íd.*, a la pág. 136. Ante tales circunstancias, la información deberá custodiarse como confidencial, guardarse en los archivos para uso exclusivo de la Policía. *Íd.*, págs. 136-137.

Permitirle a la Policía retener las fotografías y huellas dactilares tomadas a una persona que es luego exonerada de delito podría constituir, mientras no se le devuelvan, una invasión a su derecho a la intimidad. *Santiago Cora v. ELA*, *supra,* al citar a *Pueblo v. Torres Albetorio, supra,* a la pág. 135. Sin embargo, en *Santiago Cora v. ELA*, *supra*, nuestro Tribunal Supremo reiteró que la expectativa de intimidad de una persona que es arrestada válidamente es una limitada. Más aún, enunció que la persona que extingue una sentencia crimina no alberga una expectativa razonable de intimidad frente al Estado sobre los datos de identificación accesorios a su arresto. Después de así enunciar, aceptó que sí puede reconocérsele a la persona exconvicta, al cumplirse los escenarios contemplados por la ley, es un derecho estatutario a que se le conceda el beneficio de eliminar su historial criminal del Certificado de Antecedentes Penales. Entonces, en su análisis, reconoció que, una vez se ordena borrar la constancia de una convicción, no se puede mantener ningún registro público de esta, ni aludirla en procedimientos judiciales posteriores. Aun así, debido a la indiscutible utilidad del método de identificación dactilar y el innegable valor de los métodos modernos de identificación que usan fotografías como punto de referencia, reiteró que "el interés público se antepone a la indeseabilidad de que el Estado conserve de forma confidencial las huellas dactilares y fotografías incidentales a un arresto válido.".

*D.*

La Ley Núm. 143-2014, según enmendada, conocida como Ley del Protocolo para Garantizar la Comunicación Efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal, 4 LPRA sec. 533 *et seq.*, tiene como propósito fundamental ordenar a los distintos componentes de seguridad[17] el establecimiento de un sistema tecnológico y procedimiento uniforme que permita el intercambio efectivo de información entre las entidades gubernamentales del Gobierno de Puerto Rico relacionadas con la seguridad pública de la Isla y aquellas que se encuentran estrechamente vinculadas con las mismas, de manera tal que se alcance el máximo funcionamiento del Sistema de Información de Justicia Criminal.

En vista de ello, el Artículo 8 de la Ley 143-2014, *supra*, advierte que será obligación del Departamento de Justicia, la Policía, el Departamento de Corrección y Rehabilitación y el Poder Judicial, así como los otros componentes de la Junta, asegurarse que el sistema tecnológico y procedimiento uniforme provea cierta información de naturaleza criminal, incluyendo *datos o características de identificación física*, tanto de delitos graves como menos graves. 4 LPRA sec. 533e. Acto seguido, se ordena a que el Estado:

> [T]ome todas las medidas necesarias para asegurarse de que todo dato relativo a convicciones cuya eliminación del récord penal de una persona haya sido ordenado por un Tribunal competente sea efectiva y totalmente eliminada del Sistema de Información de Justicia Criminal, incluyendo pero sin que esto se entienda como una limitación, las memorias de cualesquiera computadoras utilizadas por el Sistema. Íd.

---

[17] Entre los componentes de seguridad del Estado se contemplan: Departamento de Justicia, la Policía de Puerto Rico, el Poder Judicial de Puerto Rico, al Departamento de Corrección y Rehabilitación, el Departamento de la Familia, el Departamento de Transportación y Obras Públicas y el Instituto de Ciencias Forenses.

### III.

Tal cual esbozáramos, conforme a lo resuelto en *Santiago Cora v. ELA*, *supra*, el caso de autos no es uno tal en el que proceda la devolución de las fotos y huellas del señor Marco Martinó.

En sus señalamientos de error, el peticionario aduce que existe un mandato expreso en ley de eliminar todo dato de identificación que esté relacionado con una convicción eliminada de los antecedentes penales. Asimismo, arguye que en *Santiago Cora v. ELA*, *supra*, el Tribunal Supremo no aplicó ni consideró las disposiciones de la Ley 143-2014, *supra*.

Por estar estrechamente relacionados, procedemos a discutir ambos errores en conjunto. Veamos.

En el caso que nos ocupa, el peticionario nos invita a interpretar que el Tribunal Supremo pasó por alto el Art 8. de la Ley 143-2014, *supra*, de la cual emana, según argumenta, la obligación estatutaria de entregar las fotos y huellas, lo que equivaldría a borrar del SIJC-PR todo dato o característica de identificación física. Conforme surge, el aquí peticionario resultó convicto por el delito grave que le fue imputado en el año 1993. Similar a la controversia que fue planteada en *Santiago Cora v. ELA*, *supra*, el señor Marco Martinó extinguió una sentencia condenatoria, no está sujeto a la imputación de reincidencia y logró la eliminación de su historial delictivo.

Valga aclarar, en virtud de la Ley Núm. 314-2004, *supra*, lo que sí se le reconoce a la persona exconvicta, al cumplirse los escenarios contemplados por la ley, es un derecho estatutario a que se le conceda el beneficio de eliminar su historial criminal del Certificado de Antecedentes Penales. 34 LPRA sec. 1725 a-2. De modo que, mediante la *Resolución* recurrida, correctamente, el TPI declaró *Ha Lugar* la petición del señor Marco Martinó de eliminar de su récord penal cierta convicción, protegiendo así el propósito que persigue el Estado de propender a la

reinserción social del individuo y evitar las trabas que pudiera propiciar la constancia pública de su conducta delictiva.

Ahora bien, el Tribunal Supremo ya estableció que en virtud del Art. 4 de la Ley Núm. 45, *supra*, el mecanismo de devolución de fotos y huellas dactilares <u>únicamente procede para las personas que fueran absueltas o indultadas</u> de forma tal y absoluta por el Gobernador. *Santiago Cora v. ELA*, *supra*. Ninguno de esos supuestos se encuentra presente en la controversia que nos ocupa. Por lo cual, automáticamente excluye al peticionario del beneficio de la entrega de sus huellas dactilares y fotografías. Reiteramos, el Máximo Foro expresó que "[t]ampoco existe una obligación estatutaria de entregarle sus fotos y huellas dactilares a la persona que cumplió una sentencia por la comisión de un delito". *Íd*.

A pesar de ello, el peticionario plantea erradamente que el Art 8. de la Ley 143-2014, *supra*, crea un remedio automático de devolución de fotografías y huellas dactilares cada vez que se ordena la eliminación de una convicción del Certificado de Antecedentes Penales.

En atención a los planteamientos del peticionario y apoyados en la jurisprudencia interpretativa, nos resulta forzoso concluir, únicamente aquella persona que cumpla con los requisitos del Art. 4 de la Ley Núm. 45, supra, esto es, <u>personas que fueran absueltas o indultadas</u>, podría instar una reclamación ante el Director Administrativo del Sistema, al amparo de la Ley Núm. 143-2014, *supra*, para eliminar las características de identificación física, tal como fotografías y huellas del SIJC-PR.[18] Por lo tanto, ningún de los errores fue cometido.

### IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y se confirma la *Resolución* recurrida.

---

[18] *Véase*, Art. 12 de la Ley 143-2014, *supra*, 4 LPRA sec. 533i.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones